IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                          :
                                                :   Chapter 11
                                                :
ETOYS, INC., et al.,                            :   Case Nos. 01-0706 (RB)
                                                :   Through 01-0709 (RB)
        Debtors.                                :
                                                :
---------------------------------------------------------------x
STEVEN HAAS (a/k/a LASER HAAS),                 :
AS PRESIDENT OF COLLATERAL                      :
LOGISTICS, INC.,                                :
                                                :
        Appellant,                              :   Civil Action No. 05-829 (KAJ)
                                                :
        v.                                      :
                                                :
TRAUB, BONACQUIST & FOX, LLP,                   :
BARRY GOLD, MORRIS NICHOLS                      :
ARSHT & TUNNEL LLP, and POST-                   :
EFFECTIVE DATE COMMITTEE OF                     :
EBC I, INC.,                                    :
                                                :
        Appellees.                              :
---------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF**
**APPELLEE'S MOTION TO DISMISS APPEAL**

Dated: December 19, 2005

                                                         **JASPAN SCHLESINGER HOFFMAN LLP**
                                                         *Delaware Counsel to Traub, Bonacquist & Fox LLP*
                                                         Frederick B. Rosner (No. 3995)
                                                         913 North Market Street, 12th Floor
                                                        Wilmington, DE  19801
                                                         Tel:   (302) 351-8000
                                                         Fax:  (302) 351-8010

16004

-and-

Ronald R. Sussman (RS-0641)
**KRONISH LIEB WEINER & HELLMAN LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
1114 Avenue of the Americas
New York, NY  10036-7798
Tel:    (212) 479-6000
Fax:    (212) 479-6275

-and-

James L. Garrity, Jr. (JG-8389)
**SHEARMAN & STERLING LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
599 Lexington Avenue
New York, New York 10022
Tel:    (212) 848-4000
Fax:    (212) 848-7179

16004

# TABLE OF CONTENTS

Table of Authorities……………………………………………………………………..ii

Nature and Stage of Proceedings………………………………………………………..1

Summary of Argument…………………………………………………………………..1

Statement of Facts……..………………………………………………………...........2

Argument………………………………………………………………………………..3

Conclusion……………………………………………………………………………...4

## TABLE OF AUTHORITIES

**Cases**

Carefirst of Maryland, Inc. v. Care First Transportation, Inc.
No. 02-229, 2002 U.S. Dist. LEXIS 22830 (D. Del. Nov. 1, 2002)..............................4

In re Etoys, Inc., *et al.*
Ch. 11 Case No. 01-0706 (MFW) (Bankr. D. Del. October 4, 2005)......................1, 4

Steven Haas v. Traub, Bonacquist & Fox, LLP, *et al.*
No. 05-728 (KAJ) (D. Del. November 14, 2005)..............................................2, 5

Rowland v. California Men's Colony
506 U.S. 194, 201-202 (1993)...................................................................................4

## NATURE AND STAGE OF PROCEEDINGS

Appellant Steve Haas (a/k/a Laser Haas), as President of Collateral Logistics, Inc. ("CLI/Appellant") filed the present appeal (the "Appeal") seeking review of that certain Order, dated October 4, 2005 ("October 4 Order"), of the United States Bankruptcy Court, District of Delaware (Walrath, C.J. presiding) (the "Bankruptcy Court"), *inter alia*, (i) denying the emergency motion filed by CLI/Appellant, (ii) approving settlement agreement between TB&F (defined below) and the Office of the United States Trustee, and (iii) approving the settlement between the Post-Effective Date Committee and Goldman Sachs & Co., for and upon the reasons set forth in its Opinion, dated October 4, 2005.

By the accompanying Motion (the "Dismissal Motion"), Appellee Traub, Bonacquist & Fox, LLP (TB&F") seeks the issuance and entry of an order, *inter alia*, dismissing the Appeal for the reasons and the authorities stated herein.

In addition to filing the Dismissal Motion, Appellee has contemporaneously filed a companion motion seeking the issuance and entry of an order, *inter alia*, staying further proceedings in connection with the Appeal until such time as Appellee's Dismissal Motion may be decided by this Court.

## SUMMARY OF ARGUMENT

The central issue presented by Appellee's Dismissal Motion is whether CLI/Appellant may appear in federal court and prosecute its Appeal *pro se*? The Bankruptcy Court has repeatedly answered that question in the negative, relying instead on well-settled governing law that provides that a corporate entity cannot file pleadings or represent itself *pro se* before a federal court . See e.g., In re Etoys, Inc., Ch. 11 Case No. 01-0706 (MFW) at p. 7 (ruling that CLI, as a corporation, may not file pleadings or appear except through counsel, citing Rowland v. California Men's Colony, 506 U.S. 194, 201-202 (1993)), a copy of which is attached hereto as Exhibit "A"; see also Exhibit "B"

1

annexed hereto (various Orders of the Bankruptcy Court in In re Etoys, Inc., Ch. 11 Case No. 01-0706 (MFW), striking pleadings filed *pro se* by CLI/Appellant).

Recognizing this legal infirmity, and notwithstanding having been repeatedly admonished by the Bankruptcy Court -- that CLI cannot proceed *pro se* -- Steven Haas a/k/a Laser Haas, who purports to be the one-hundred (100%) percent owner of CLI, now seeks on appeal to identify himself as the "appellant" herein. However, CLI, not Haas individually, is the stakeholder here. It is CLI, not Haas, that is the subject of the Order from which the appeal has been taken. Against this backdrop, it is very clear that Mr. Haas filed the Appeal because he knew that CLI could not.

Recently, this Court has granted an identical dismissal motion filed by the Post-Effective Date Committee ("PEDC") in an appeal filed by Mr. Haas in the eToys chapter 11 cases on identical grounds as are asserted herein. See Steven Haas v. Traub, Bonacquist & Fox, LLP, et al., No. 05-728 (KAJ) (D. Del. November 14, 2005), a copy of which is attached hereto as Exhibit "C" (dismissing appeal because Haas is not an interested party and further because CLI/Appellant cannot appear *pro se*).[1]

Just as was true in the separate appeal Mr. Haas tried to pursue involving the PEDC, this Court should not permit Mr. Haas to serve as the appellant in the Appeal simply because CLI cannot proceed *pro se*. As this Court has previously done, Haas' thinly veiled attempt to obtain standing should be disregarded and the Appeal should be dismissed.

---

[1] In addition to this Court's November 14, 2005 Order, a copy of relevant excerpts of the November 14, 2005 hearing transcript is also annexed hereto as Exhibit "C". Pursuant to a Notice of Appeal dated December 7, 2005, Mr. Haas has appealed the referenced order to the United States Court of Appeals for the Third Circuit.

16004                                              2

**STATEMENT OF FACTS**

CLI/Appellant was a disputed administrative expense creditor whose claim was contested by the PEDC.[2] In what amounted to little more than a thinly veiled collateral attack on the PEDC's objection to CLI's disputed administrative claim, CLI/Appellant filed an emergency motion seeking a litany of relief against TB&F (and certain of its partners), Barry Gold, Morris Nichols Arsht & Tunnell (and certain of its partners), and the PEDC, including, but not limited to, (i) removal and disqualification, (ii) disgorgement of all fees, (iii) sanctions for contravening the disclosure requirements and conflict of interest prohibitions, and (iv) referral of the matters asserted for criminal and disciplinary investigations.[3]

Pursuant to the October 4 Order and the related Opinion of even date, the Bankruptcy Court determined, among other things, that the emergency motion filed by CLI/Appellant was procedurally improper in that it was filed by a corporation (CLI) without counsel in violation of established law, and therefore was not to be considered. The Bankruptcy Court thereupon denied the CLI emergency motion in its entirety.

**ARGUMENT**

It is well-settled that "[a] corporation may appear in federal court only by representation of a licensed attorney." Carefirst of Maryland, Inc. v. Care First Transportation, Inc., No. 02-229, 2002 U.S. Dist. LEXIS 22830 (D. Del. Nov. 1, 2002) (citing Rowland v. California Men's Colony, 506

---

[2] Pursuant to an Order of the Bankruptcy Court dated August 25, 2005 (Baxter, B.J.), CLI/Appellant's claim was dismissed in its entirety. A copy of Judge Baxter's August 25, 2005 Order is annexed hereto as Exhibit "D" and incorporated herein.

[3] In a separate emergency motion filed subsequent to CLI/Appellant's emergency motion, Mr. Robert K. Alber, purportedly as a member of a so-called "eToys Shareholder Group," sought substantially similar relief from the Bankruptcy Court as to Appellees, and further requested that the Bankruptcy Court (i) appoint a new "Plan Administrator" and a new PEDC, (ii) give the so-called eToys Shareholders Group a seat on any newly constituted PEDC, (iii) appoint counsel to be paid by the chapter 11 estates to represent the so-called eToys Shareholders Group, and (iv) appoint a chapter 11 trustee.

In addition to the relief sought as against Appellees, CLI/Appellant and Mr. Alber also sought relief as against Mark Kenney, Esq., the Asst. U.S. Trustee with responsibility for the administrative oversight of the chapter 11 cases, and requesting that Mr. Kenney "be replaced".

16004                                     3

U.S. 194, 201-202 (1993)). In Carefirst, a motion to dismiss, filed by the president of the movant, who was not a Delaware licensed attorney, was denied on this ground.

The issue of CLI/Appellant's authority to proceed *pro se* in these cases was expressly decided by Chief Bankruptcy Judge Walrath under the October 4 Order and the related Opinion of even date. See In re Etoys, Inc., Bankruptcy Case No. 01-0706 (Bankr. D. Del. October 4, 2005) ("the pleadings filed by Mr. Haas on behalf of CLI have been stricken because a corporation must have counsel represent it in federal court"). See Exhibit "A" at p. 7. The Bankruptcy Court had previously orally denied CLI's request to appear *pro se* in March, 2005.[4] The October 4 Order and Opinion formally memorialized the Bankruptcy Court's earlier ruling. The Bankruptcy Court had also separately stricken pleadings filed by CLI/appellant on prior occasions upon the same grounds. See Exhibit "B", In re Etoys, Inc., Bankruptcy Case No. 01-0706 (Bankr. D. Del. June 27, 2005) (Walrath, C.B.J.) (ruling "The Motion to Strike is GRANTED because the pleadings purport to be filed by a corporation without counsel. A corporation may not appear and file pleadings in federal court without counsel." (citations omitted)); and In re Etoys, Inc., Bankruptcy Case No. 01-0706 (Bankr. D. Del. July 25, 2005) (Baxter, B.J.) (ruling "under applicable law, CLI cannot appear *pro se* in this matter ... and is specifically prohibited form causing any future filings to be made on the docket in this matter without the benefit of counsel;" "Steven Haas is not a licensed attorney and is prohibited from representing or causing any future filings in this matter on behalf of CLI." (citations omitted)).[5]

More recently this Court has considered and rejected CLI/Appellant's attempts to appear *pro se*, and further has determined that Mr. Haas cannot substitute himself for CLI as the appellant. See

---

[4]   A copy of relevant excerpts of the March 1, 2005 hearing transcript is annexed hereto as Exhibit "E" and is incorporated herein.

[5]   In that same July 25, 2005 Order, the Bankruptcy Court (Baxter, B.J.) ordered that "any future filings by CLI *pro se* or Haas on behalf of CLI, shall result in the imposition of sanctions".

16004                                                    4

<u>Steven Haas v. Traub, Bonacquist & Fox, LLP, et al.</u>, No. 05-728 (KAJ) (D. Del. November 14, 2005), a copy of which is attached hereto as Exhibit "C" (dismissing appeal because Haas is not an interested party and further because CLI/Appellant cannot appear *pro se*).[6]

CLI (or Mr. Haas purportedly on its behalf) is well aware that it is not able to file or prosecute its Appeal *pro se*. In a thinly veiled effort to by-pass the known legal proscriptions to its appellate designs, Steve Haas, a/k/a Laser Haas, has instead identified himself as the appellant herein. <u>See</u> Exhibit "F". However, Mr. Haas, individually, is not the subject of the Order from which the Appeal has been taken. Styling himself, as opposed to CLI, as the appellant is a transparent attempt to have CLI's appeal heard by this Court in direct contravention of well-settled law precluding such efforts. This Court has previously seen through this charade; this Court should not countenance this subterfuge in this appeal either. For these reasons, the Appeal should be dismissed with prejudice and costs assessed against both CLI and Haas.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that the Court dismiss the Appeal with prejudice.

Dated: December 19, 2005

                     **JASPAN SCHLESINGER HOFFMAN LLP**
                     *Delaware Counsel to Traub, Bonacquist & Fox LLP*

                     By: <u>/s/ Frederick B. Rosner</u>
                          Frederick B. Rosner (No. 3995)
                          913 North Market Street, 12th Floor
                          Wilmington, DE 19801
                          Tel:  (302) 351-8000
                          Fax:  (302) 351-8010

                               -and-

---

[6] See Footnote 1, *infra*.

16004                             5

Ronald R. Sussman (RS-0641)
**KRONISH LIEB WEINER & HELLMAN LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
1114 Avenue of the Americas
New York, NY 10036-7798
Tel:    (212) 479-6000
Fax:   (212) 479-6275

-and-

James L. Garrity, Jr. (JG-8389)
**SHEARMAN & STERLING LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
599 Lexington Avenue
New York, New York 10022
Tel:    (212) 848-4000
Fax:   (212) 848-7179