# EXHIBIT "C"

1

1          IN THE UNITED STATES DISTRICT COURT

2          IN AND FOR THE DISTRICT OF DELAWARE

3                        - - -

   IN RE:                           Chapter 11
4                              :
   ETOYS, INC., et al.,            :   Case Nos. 01-0706 (RB)
5                              :   through 01-0709 (RB)
           Confirmed Debtors.  :
6   -------------------------------
   STEVEN HAAS,                    :   CIVIL ACTION
7                              :
           Appellant,          :
8        v                     :
                               :
9   ETOYS, INC., and POST-EFFECTIVE :
   DATE COMMITTEE OF UNSECURED    :
10  CREDITORS,                     :
                               :   NO. 05-728 (KAJ)
11          Appellee.          :
                        - - -
12
                    Wilmington, Delaware
13           Monday, November 14, 2005 at 2:00 p.m.
               TELEPHONE CONFERENCE (ORAL ARGUMENT)
14
                        - - -
15
   BEFORE:        HONORABLE KENT A. JORDAN, U.S.D.C.J.
16
                        - - -
17  APPEARANCES:

18
           STEVEN HAAS
19
               Pro Se Plaintiff
20

21  JASPAN SCHLESINGER HOFFMAN, LLP
   BY:  FREDERICK B. ROSNER, ESQ.
22
           Counsel for the Post-Effective Date
23         Committee of Unsecured Creditors

24
                        Brian P. Gaffigan
25                      Official Court Reporter

1    make, he said what he wants to say.

2              MR. ROSNER:  All right, well I'll just for the

3    record say that I don't think it's relevant to today's

4    hearing.

5              THE COURT:  Okay.  Good enough.

6              MR. ROSNER:  Also, some of these arguments that

7    we heard many times before at the Bankruptcy Court level,

8    Mr. Haas said that I was his counsel.  I was never his

9    counsel.  I wasn't at the meeting he described.  And --

10             THE COURT:  Well, don't feel compelled to answer

11   every point you think is irrelevant, Mr. Rosner.

12             MR. ROSNER:  Okay.  The bottom line is Mr. Haas,

13   even if he were a shareholder of Collateral Logistics Inc.,

14   was not directly adversely harmed in a pecuniary fashion and

15   the standing on appeals is very limited.  We don't think

16   that he has made out the standard for appellant standing and

17   for that reason, the appeal should be dismissed.

18             THE COURT:  All right.  Well, here is the ruling

19   I have for you.  And the reasons for it.

20             First, I'll say at the get-go, this speaks

21   not at all to whatever issues Mr. Haas has with the

22   folks involved here, including making no comment as to

23   Mr. Rosner's assertion that Mr. Haas suffered no pecuniary

24   loss.  I don't know about that, one way or another.  I

25   have his assertion that he did as a principal of this

24

1    corporation. But I also have unrebutted before me a record

2    that CLI, a corporate entity, entered proofs of claim. They

3    were rejected. That there was back and forth associated

4    with that. I should say they were objected to. Ultimately,

5    they were rejected by Judge Baxter. And that it's the first

6    time on appeal is when Mr. Haas attempts to cast away the

7    corporate veil and say no, it's really me.

8            If having the corporate veil had been in your

9    interest, Mr. Haas, I believe you would be hanging on to it

10   fervently; but as you view it as not in your interest, you

11   are attempting to throw it aside and that's just not the

12   way it works. The corporate veil is respected, and it's

13   respected for a reason. You choose to do business through

14   a corporate entity, it is a separate juridical person. It

15   has rights that can be asserted and they're not rights that

16   inure to the shareholder as shareholder. They're the

17   corporation's rights and opportunities and the shareholders

18   ultimately benefit only when the corporation benefits.

19           So, I also have before me a series of orders

20   from the Bankruptcy Court, and if I have it right, there are

21   five of them: There is a March 1st, '05 order from Judge

22   Walrath. There is a June 27th, '05 order from Judge

23   Walrath. There is a September 25th order. There is an

24   October 4th order. There is an August 25th order.

25           These are various orders from Judge Walrath and

1    from Judge Baxter, all of which say either directly or

2    allude to the principle of raw that corporations cannot be

3    represented except by counsel.  It's long established.  It's

4    firm in the law.  That is the way it works.

5            So I'm granting the motion to dismiss.  I have

6    not been deaf to what you have said here, Mr. Haas, but the

7    rules apply.  And now if you feel like you have a claim

8    against your former bankruptcy counsel for doing you dirty

9    in the course of this, then you may have rights against that

10   firm and you should look into it if you think you need to.

11           If you think you've got some right under Section

12   503 in your own name, well, maybe it's too late for that or

13   maybe not.  I don't know.  But I know for sure you can't

14   come up with that for the first time on appeal.  That's the

15   sort of thing that it gets handled at a trial level, not

16   getting pulled out of the mix.

17           MR. HAAS:  I did raise the issue, Your Honor,

18   prior to.

19           THE COURT:  I don't have any ruling on that in

20   front of me.  All I've got is you, here, for the first time

21   in the appellate court saying it's me, it's not really CLI

22   and I cannot allow that to go forward.  The rules don't

23   allow it and they don't allow it for good reason.  These are

24   things that are properly aired in the trial court in the

25   first instance.

1       So for the reasons I've just put on the record,

2   and which I will not reiterate in full in writing, this

3   transcript will be the memorialization of the reasons for

4   the ruling, I'm granting the motion to dismiss.  I'll enter

5   a one line order that says:  For the reasons stated during

6   the teleconference/argument held in the case today, the

7   appeal is dismissed.

8       And then you can do with that, Mr. Haas, as you

9   think appropriate.  If you think you want to take that to

10  the Third Circuit, you know, you may be able to persuade

11  them otherwise and if so, we'll be back here and we'll look

12  to the merits of your appeal.  But as it stands now, I feel

13  compelled to say that the appeal must be dismissed for the

14  reasons I've stated.  All right.

15      MR. HAAS:  Your Honor, can I ask that you put

16  the transcript in the record?

17      THE COURT:  The transcript will absolutely be

18  part of the record.  It will be part of the court record but

19  I won't make it some attachment in the public record except

20  for this portion of it.  That is, the argument portion will

21  not be my statement of reasons and ruling.  If you would

22  like to have that posted as an e-filing, sir, I will do

23  that.

24      Let me also note that we had a little bit of

25  confusion about e-filing.  When I said I would allow you

1  to receive something by electronic mail because of your

2  statements before about safety, I did not mean to imply you

3  could file things here via e-mail to court staff.  You have

4  to file things in hard copy properly or you have to be

5  properly signed up to do electronic filing.  So anyway, I

6  make that of record as well.

7            All right.  Thank you for your time today,

8  everybody.  And I'll get the order out today.

9            MR. ROSNER:  Thank you, Your Honor.

10           (Telephone conference ends at 2:42 p.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25