IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
In re:                                           :
                                                 :  Chapter 11
                                                 :
ETOYS, INC., et al.¹,                            :
                                                 :  Case Nos. 01-0706 (RB)
                                                 :  Through 01-0709 (RB)
           Debtors.                              :
                                                 :
------------------------------------------------------------x
STEVE HAAS (a/k/a LASER HAAS),                   :
AS PRESIDENT OF COLLATERAL                       :
LOGISTICS, INC.,                                 :
                                                 :
                                                 :
           Appellant,                             :  Civil Action No. 05-829 (KAJ)
                                                 :
           v.                                     :
                                                 :
TRAUB, BONACQUIST & FOX LLP,                     :
BARRY GOLD, MORRIS NICHOLS                       :
ARSHT & TUNNEL LLP, AND POST-                    :
EFFECTIVE DATE COMMITTEE OF                      :
EBC I, INC.,                                     :
                                                 :
           Appellees.                             :
------------------------------------------------------------x
```

**APPELLEE'S MOTION TO STRIKE ITEMS
IMPROPERLY DESIGNATED BY STEVE HAAS
(a/k/a LASER HAAS), AS PRESIDENT OF COLLATERAL
LOGISTICS, INC. TO BE INCLUDED IN THE RECORD ON APPEAL
OF THE BANKRUPTCY COURT'S OCTOBER 4, 2005 ORDER**

Appellee Traub, Bonacquist & Fox LLP (TB&F" or "Appellee"), pursuant to Rule 8006 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves to strike² certain

documents improperly designated by Appellant, Steve Haas (a/k/a Laser Haas), as President of

---

¹ The Debtors are the following entities: EBC I, Inc. f/k/a eToys, Inc. ("eToys"), EBC Distribution, LLC, f/k/a eToys Distribution LLC, PMJ Corporation and eKids, Inc.

² Pursuant to a motion dated November 3, 2005 filed in the Bankruptcy Court, Appellee sought identical relief as is being sought herein from the Bankruptcy Court. Following a hearing held on December 1, 2005, the Bankruptcy Court Appellees' motion on strictly procedural grounds without prejudice to re-file same in the District Court.

16019

Collateral Logistics, Inc. ("CLI/Appellant"), to be included in the record on appeal of the October 4, 2005 Order (the "October 4 Order") of the United States Bankruptcy Court, District of Delaware (Walrath, C.J. presiding) (the "Bankruptcy Court"), *inter alia*, (i) denying in part and granting in part the emergency motion filed by CLI/Appellant (the "Emergency Motion"), (ii) approving the settlement agreement between TB&F and the Office of the United States Trustee ("UST Settlement Motion"), and (iii) approving the settlement between the Post-Effective Date Committee and Goldman Sachs & Co., for and upon the reasons set forth in the Bankruptcy Court's Opinion, dated October 4, 2005 ("October 4 Opinion"). In support of this Motion, Appellee respectfully represents and sets forth as follows:

## BACKGROUND

1. On March 1, 2005, the Bankruptcy Court held a full evidentiary hearing (the "Hearing") to consider (a) the Emergency Motion and (b) the UST Settlement Motion. At the Hearing, the Bankruptcy Court admitted into evidence, without objection, (a) four (4) exhibits offered by the Appellee and (b) no exhibits offered by the CLI/Appellant, all as reflected in the transcript of the Hearing.[3]

2. On October 14, 2005, CLI/Appellant filed its Notice of Appeal of the October 4 Order. On October 24, 2005, pursuant to Bankruptcy Rule 8006, CLI/Appellant filed its Designation of Record on Appeal (the "Appellant Designation").[4] [Docket No. 2331]. A copy of the Appellant

---

[3] At the Hearing, the Bankruptcy Court admitted into evidence, without objection, (a) four (4) exhibits offered by the Appellee and (b) fifteen (15) exhibits offered by Robert K. Alber, *pro se*, all as reflected in the transcript of the Hearing. In addition, the Bankruptcy Court also admitted into evidence, without objection, the four deposition transcripts of Paul Traub, Michael Fox, Barry Gold and Michael Busenkell.

[4] In the Appellant Designation, CLI/Appellant has included characterizations of the substance of the documents referenced therein. Although Appellee has elected not to move to strike certain documents identified in the Appellant Designation, such determination should not be interpreted as Appellee's acquiescence to CLI/Appellant's characterizations. In addition, the Appellant Designation lists (at item nos. 72-82, respectively) certain tape recordings of conversations, including, but not limited to taped phone conversations with certain members of TB&F, among others. TB&F submits that to the extent any telephone conversation involving a member of TB&F was in fact tape recorded, such recording was done without the TB&F member's prior knowledge or consent. Accordingly, TB&F, and each affected member,

Designation is attached hereto as Exhibit "A." On November 3, 2005, pursuant to Bankruptcy Rule 8006, Appellee filed its "Counter-Designation Of The Record To Be Included In Appeal By Robert K. Alber, Pro Se Appellant, And Counter-Statement Of The Issues On Appeal" (the "Appellee Counter-Designation") [Docket No. 2342]. Appellee has included within the Appellee Counter-Designation all pleadings filed by the Appellant in the Debtors' bankruptcy cases that were not otherwise stricken by the Bankruptcy Court, all trial exhibits admitted into evidence by the Bankruptcy Court, and all other relevant matters made a part of the record below in connection with either the specific contested matter below or the Debtors' bankruptcy cases in general. A copy of the Appellee Counter-Designation is attached hereto as Exhibit "B."

3. In the Appellant Designation, CLI/Appellant has improperly attempted to include in the record on appeal a number of documents which were (A) not part of the record in connection with either the specific contested matter below or the Debtors' bankruptcy cases in general, (B) not considered by the Bankruptcy Court in entering the October 4 Order, (C) items that are totally incomprehensible so as to be unidentifiable with any precision from which either the court or interested parties can understand what is intended, (D) items that were stricken from the record by the Bankruptcy Court, and (E) items that have never been available to either the Bankruptcy Court below or the other parties in interest, including, but not limited to, Appellee.[5] Specifically, CLI/Appellant has improperly attempted to designate the following items:

| Designated No. | Description | Category |
|---|---|---|
| 3 | Affidavit of Lee Castillo (2nd) with testimony that the Creditors Committee was deceived in the hiring of Barry Gold. | A,D |

---

reserves all rights with regard to any such recordings.

[5] As can be seen from the chart below, Appellee has attempted to categorize as many of the improperly designated items as possible. The categorization is not intended to be exhaustive, and it is possible, indeed likely, that many of the items fall into multiple offensive categories.

16019

-3-

| Designated No. | Description | Category |
|---|---|---|
| 4 | Judge Farnan's of Wilmington DE Fed. Bankruptcy District for guidelines on who must apply as Professional Person In re: First Merchs. Acceptance Corp. (D. Del. Dec 15, 1997 97-1500) | A,B,C,E |
| 5 | Rule 2014 on Professional Persons | |
| 6 | Rule 2016 on Professional Persons | |
| 7 | Code 327 (a) Employment of Professional Persons | |
| 8 | Code 101(14) Definitions) | |
| 9 | Code 105 (a) Sua Sponte | |
| 10 | Code 503(b) Substantial Contribution | |
| 11 | Rule 7024 Intervention | |
| 12 | Affidavits of the Firm Traub Bonacquist & Fox affirming non conflict and Disclosure | C |
| 13 | Declaration of Barry Gold as Plan Administrator signed under "penalty of perjury" | C |
| 14 | Affidavits(s) of Morris Nichols Arsht &. Tunnel ("MNAT"). | C |
| 15 | Hearing on Goldman Sachs where MNAT failed to show! | A,B,C |
| 16 | Court Order fining MNAT for failure to show | A,B,C |
| 18 | Excerpt from UST Motion of February 15, 2005 which specifically references where he warned all parties that replacements of any key employee of Debtor had to be "arms length" | C |
| 19 | Transcript of Oct 2002 hearing in Wilmington Delaware! | A,B |
| 20 | Transcript of Nov 2002 hearing in Wilmington Delaware! | A,B |
| 21 | Transcript of Oct 2004 hearing in Wilmington Delaware! | A,B |
| 22 | Transcript of Nov 2004 hearing in Wilmington Delaware! | A,B |
| 23 | Excerpt(s) from Transcript showing Robert Alber (an eToys shareholder) questioning of Barry Gold about a Paul Traub direct connection. Showing premeditated intent by Fred Rosner, TBF, MNAT, Barry Gold and others to deceive! | A,B,C |
| 24 | Excerpt from Transcript of Dec 22, 2005 hearing of US Trustee statement by Frank Perch! | C |
| 26 | Excerpt From Response of Barry Gold on January 25, 2005 with a first time view of the Barry Gold hiring letter, drafted by both Counsels and signed given Barry Gold "willful" circumvention of the Rule(s) and Code at his own volition in an endeavor to avoid Perjury and other Fraud statue violations! | C |
| 33 | Rule 324 (a) Removal | C |
| 34 | Rule 5004 Disqualification of Judge! | C |
| 37 | Appeal Court rulings and standards on the "unambiguous" standard! (emphasis added) | A,B,C,E |
| 38 | UST Handbook and Guidelines on Duties and Fraud as part of the US DOJ | A,B,C,E |

16019

| Designated No. | Description | Category |
|---|---|---|
| 39 | UST Guidelines of 5-1.2.1 "Duty to Notify & Refer"! | A,B,C,E |
| 40 | 28 USC 586(A)(3)(F) | A,B,C,E |
| 41 | 5-1.2.2 Judges Order of 18 USC 3057 (a) Duty to Notify & refer! | A,B,C,E |
| 42 | Listing of the 50 Felony violations by specific proof! | A,B,C,E |
| 43 | Janet Reno Reform Act of 1994! | A,B,C,E |
| 44 | 18 USC 155 Fee Agreement statue against Scheme to Fix Fee's! | A,B,C,E |
| 45 | In re: Bonus Sales Document of Asset. Disposition Advisors! | A,B,C,E |
| 46 | In re: Bonus Sales US Trustee note by Mark Kenney! | A,B,C,E |
| 47 | In re: Bonus Sales Transcript of discussion by Mark Kenney "ex parte" of conflicts with a counsel of the Estate and Creditors! | A,B,C,E |
| 52 | KB Toys Case 04-10120 and Counsels of Records listing! | A,B,C,E |
| 53 | Motion by Steve Haas/ CLI of MisPrison in KB Toys 04-10120! | A,B,D |
| 54 | Motion of US Trustee: to Expunge Motion of Haas/CLI in KB Toy Case! | A,B,D |
| 55 | Judge's Order to Expunge Motion of Haas/CLI in KB Toys Case! | A,B,D |
| 56 | Barry Gold's Testimony of connections to Jack Bush of IdeaForest, Bain, Stage Store's, Jumbo Sports! | A,B,C,E |
| 57 | S E C report of Stage Stores which shows Jack Bush and Michael Glazer (CEO of KB Toys)! | A,B,C,E |
| 58 | KB Toys record on pre petition payment of Michael Glazer and others for more than $100 million! | A,B,C,E |
| 59 | KB Toys record on TBF asking to be the one to prosecute the Michael Glazer pre petition payments! | A,B,C,E |
| 60 | eToys Docket Records of purchases by KB Toys of eToys assets! | A,B,C,E |
| 61 | Foothill Loan documentation to eToys of $40 million | A,B,C,E |
| 62 | Barry Gold's Testimony of working with Foothill owner Wells Fargo! | A,B,C,E |
| 63 | Paul Traub Testimony of working with Wells Fargo, Fleet and others! | A,B,C,E |
| 64 | Toyco. International Bankruptcy attorney of record! | A,B,C,E |
| 65 | 18 USC 1961 Code of Racketeer Influenced and Corrupt Organizations! | A,B,C,E |
| 66 | Playco. Documents of sales of assets! | A,B,C,E |
| 67 | Paul Traub of TBF testimony of clients previously worked for! | A,B,C,E |
| 68 | Wells Fargo, Paragon Capital Note of acquisition and OZER Group! | A,B,C,E |

16019

-5-

| Designated No. | Description | Category |
|---|---|---|
| 69 | Haas/CLI contracts in eToys! | A,B,C,E |
| 70 | Haas/CLI "nunc pro tunc" Court Orders in eToys! | A,B,C,E |
| 71 | Excerpts from CLl contracts of "assistance with debtors counsel"! | A,B,C,E |
| 72 | Tape recordings of meetings with Susan Balaschak and Barry Gold! | A,B,C,E |
| 73 | Tape recording of meeting with Paul Traub and Michael Fox in NYC! | A,B,C,E |
| 74 | Tape recording of conversations with US Trustee representative Mark Kenney! | A,B,C,E |
| 75 | Tape recorded meetings with various counsel(s)! | A,B,C,E |
| 76 | Tape recorded meetings with Barry Gold! | A,B,C,E |
| 77 | Tape recorded meetings with David Gatto! | A,B,C,E |
| 78 | Tape recorded meetings with David Haddad! | A,B,C,E |
| 79 | Tape recorded meetings wish and of Howard Steinberg! | A,B,C,E |
| 80 | Tape recorded meetings of conference call at eToys facilities! | A,B,C,E |
| 81 | Tape recorded meetings with Ellen Gordon! | A,B,C,E |
| 82 | Tape Recorded meetings with Richard Cartoon! | A,B,C,E |
| 83 | Haas Affidavit also known as Docket item 816 which the PEDC has entitled a "waiver"! | A,B,C,E |
| 84 | Excerpt(s) from the former Chairman of the Creditors Committee Affidavit! | A,B,C,E |
| 85 | Excerpts from the Pre Plan hearing where Robert Alber requested of the Count that Barry Gold and Paul Traub not receive a "get out of jail FREE CARD" for undisclosed relationships! | A,B,C,E |
| 86 | Kmart document showing Mark Kenney hand picked TBF as Counsel for equity holders | A,B,C,E |
| 87 | Fax of Barry Gold from Gadzooks! | A,B,C,E |
| 88 | US Trustee Motion notes In re: Bonus Sales on the company of Paul Traub and Barry Gold! | A,B,C,E |
| 92 | Document of Johnson & Johnson of Purchase of Baby Center.com from eToys pre petition signed by one "Nancy A. Valente"! | C |
| 93 | Document of formation of the Barry Gold -Paul Traub company of Asset Disposition Advisors ("ADA") registered agent of "Nancy A. Valente"! | C |
| 94 | Paul Traub's testimony on Hutchins Wheeler! | C |
| 95 | Paul Traub's Testimony in his deposition of Feb 9, 2005 where he states that he and Barry Gold were engaged by Fleet! | C |
| 96 | Documentation listing of Claims acquired by Madison in eToys case! | A,B,C,E |

16019

-6-

| Designated No. | Description | Category |
|---|---|---|
| 97 | Documentation of Liquidity Solutions acquiring claims in eToys case! | A,B,C,E |
| 98 | TBF attorney of Record in defense of allegations Kronish Lieb! | A,B,C,E |
| 99 | Madison registered agent Kronish Lieb! | A,B,C,E |
| 100 | Liquidation World pre petition purchase of eToys assets! | A,B,C,E |
| 101 | Pioneer Dist Pre Petition of eToys assets! | A,B,C,E |
| 102 | Barry Gold quarterly reports listing and copy in eToys case! | A,B,C,E |
| 103 | PEDC motion to Quash subpoena's of CLI/HAAS! | A,B,C,E |
| 104 | Excerpt of Plan on Plan Administrator Clause 5.2! | A,B,C,E |
| 105 | Excerpt of Plan giving Barry Gold right to settle payment to claimants for less than $1 million without Court approval! | A,B,C,E |
| 106 | Excerpt of Plan giving Barry Gold the right to engage whom he so desires! | A,B,C,E |
| 107 | Committee design document statement by Susan Balaschak pre Plan! | A,B,C,E |
| 108 | Document of letters procured by PEDC of current committee members in response to the Haas/CLI -Robert Alber allegations and entered into Exhibit by the PEDC! | A,B,C,E |
| 109 | Excerpt of the Lee Castillo Affidavit(s) showing early retirement! | A,B,C,E |
| 110 | Document showing 2 members of Goldman Sacks on Board of RR Donnelley an eToys committee co chair! | A,B,C,E |
| 111 | Lawsuit of eToys vs. Goldman Sacks, Fleet and others! | A,B,C,E |
| 112 | Paul Traub affidavit to Do Goldman Sachs Lawsuit! | A,B,C,E |
| 113 | List of Fee Applications Fredrick Rosner! | A,B,C,E |
| 114 | List of Fee Applications MNAT! | A,B,C,E |
| 115 | List of Fee Applications TBF! | A,B,C,E |
| 116 | List of Barry Gold payments! | C |
| 117 | List of European assets eToys estate! | A,B,C,E |
| 118 | List of moneys paid to professional(s) in the eToys case? | A,B,C,E |
| 119 | Comments of Barry Gold on overseas assets! | A,B,C,E |
| 120 | Comments of MNAT on overseas assets! | A,B,C,E |
| 121 | Motion(s) of Stay Pending Appeal? | A,B,C,E |
| 122 | Comments of Susan Balaschak of TBF during the hearing to dismiss CLI claim by His Honor Baxter! | A,B,C,E |
| 123 | Rule(s) and Code(s) on the unlawful retaliation by a counsel in Bankruptcy cases for personal gain or vendetta! | A,B,C,E |
| 124 | Oral arguments to be presented as no one will represent an entity that has alleged Fraud, Corruption against one of the most connected firm(s) in Bankruptcy in Wilmington DE while also stating failures to perform against the US Trustee Office. Personal Correspondence by Lawrence Friedman! | A,B,C,E |
| 125 | Personal Correspondence by Lawrence Friedman! | A,B,C,E |

| Designated No. | Description | Category |
|---|---|---|
| 126 | Document of resignation by Lawrence Friedman! | A,B,C,E |
| 127 | Document of law question "asked and answered" on authority to correct! | A,B,C,E |

(collectively, the "Improperly Designated Items").

## RELIEF REQUESTED

4.  By this Motion, Appellee seeks the entry of an order pursuant to Bankruptcy Rule 8006, *inter alia*, striking the Improperly Designated Items, so that these items are not part of the appellate record on CLI/Appellant's appeal of the October 4 Order.

## APPLICABLE AUTHORITY

5.  Bankruptcy Rule 8006 provides, in pertinent part,

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 10 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal . . . The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. . . .

6.  The record on appeal "should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision." In re Chateaugay Corp., 64 B.R. 990, 995 (S.D.N.Y. 1986) (quoting In re W.T. Grant Co., 432 F.Supp. 105, 106 (S.D.N.Y. 1977), which interpreted Bankruptcy Rule 8006, the predecessor of Bankruptcy Rule 8006). *See also* In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 802 (E.D. Pa. 1986) (same); In re Food Fair, Inc., 15 B.R. 569, 572 (Bankr. S.D.N.Y. 1981) (same).

7.  To be clear, "items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record." Neshaminy, 62 B.R. at 802 (quoting In re

16019

Candor Diamond Corp., 26 B.R. 844, 846-47 (Bankr. S.D.N.Y. 1983). Deposition transcripts not filed in the underlying bankruptcy case nor offered in evidence during the hearing on the specific matter are not properly part of the record on appeal. In re Saco Local Dev. Corp., 13 B.R. 226, 229-230 (Bankr. D. Me. 1981).

8. The United States Court of Appeals for the Third Circuit has held that, where a particular contested matter is "sufficiently associated with the general administration of the debtor's estate," the relevant record should include documents filed in the main bankruptcy case. In re Indian Palms Associates, Ltd., 61 F.3d 197, 204-205 ($3^d$ Cir. 1995). The Third Circuit made clear, however, that a document included in the record on appeal is still subject to principles that limit its use, including evidentiary competence and a fair opportunity for rebuttal. Id. at 205.

9. While in some cases an appellate court can take judicial notice of adjudicative facts "not subject to reasonable dispute," it cannot do so if unfair to a party and would undermine the trial court's fact finding authority. Indian Palms, 61 F.3d at 205-206.

10. While some courts have held that disputes over the proper content of the appellate record are decided by the Bankruptcy Court in the first instance, there can be no dispute but that this Court has authority to fix the appellate record where a party seeks to improperly include matters, materials and issues that were not before the bankruptcy court below. *See* Neshaminy, 62 B.R. at 802; In re Armorflite Precision, Inc., 48 B.R. 994, 996 (D. Me. 1985); Food Fair, 15 B.R. at 571; Saco, 13 B.R. at 228–229. *But see* In re Dow Corning Corp., 263 B.R. 544, 548 (Bankr. E.D. Mich. 2001) (Collier on Bankruptcy, in discussing Rule 8006 cites Dow Corning for the proposition that there is "some doubt" as to whether the appellate may be heard to complain about an overly broad designation of the record and that the rule allows only addition and not subtraction from the record on appeal. Collier goes on to note, however, that the decision is "probably incorrect" citing Chateaugay 64 B.R. at 995 (SDNY 1986)).

## THE COURT SHOULD STRIKE THE IMPROPERLY DESIGNATED ITEMS SO THAT THEY ARE NOT INCLUDED IN THE RECORD ON APPEAL

11. The above case law makes clear that the record on appeal should consist of only those items filed with, or introduced before, the Court in connection with the proceedings that were considered by the Bankruptcy Court in entering the October 4 Order or the Debtors' bankruptcy cases, in general. CLI/Appellant's Improperly Designated Items do not meet any of these requirements and should not be included in the record on appeal.

12. Finally, none of the Improperly Designated Items may be included in the record under the doctrine of judicial notice, as inclusion would undermine the Court's fact finding authority, as the District Court would consider documents, for the first time on appeal, which were readily available and could have easily been requested to be admitted before this Court.

**WHEREFORE**, Appellee prays that the Court enter an order striking the Improperly Designated Items from the record on appeal of the October 4 Order, and that the Court grant Appellee such further relief as is just and proper.

Dated: December 19, 2005

          **JASPAN SCHLESINGER HOFFMAN LLP**
          *Delaware Counsel to Traub, Bonacquist & Fox LLP*

          By:   */s/ Frederick B. Rosner*
                Frederick B. Rosner (No. 3995)
                913 North Market Street, 12th Floor
                Wilmington, DE 19801
                Tel:    (302) 351-8000
                Fax:   (302) 351-8010

-and-

Ronald R. Sussman (RS-0641)
**KRONISH LIEB WEINER & HELLMAN LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
1114 Avenue of the Americas
New York, NY 10036-7798
Tel:   (212) 479-6000
Fax:   (212) 479-6275

-and-

James L. Garrity, Jr. (JG-8389)
**SHEARMAN & STERLING LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
599 Lexington Avenue
New York, New York 10022
Tel:   (212) 848-4000
Fax:   (212) 848-7179

16019