# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
In re:                                            :
                                                  :   Chapter 11
                                                  :
ETOYS, INC., et al.,                              :   Case Nos. 01-0706 (RB)
                                                  :   Through 01-0709 (RB)
            Debtors.                              :
                                                  :
-------------------------------------------------x
STEVEN HAAS (a/k/a LASER HAAS),                   :
AS PRESIDENT OF COLLATERAL                        :
LOGISTICS, INC.,                                  :
                                                  :
            Appellant,                            :   Civil Action No. 05-829 (KAJ)
                                                  :
            v.                                    :
                                                  :
TRAUB, BONACQUIST & FOX LLP,                      :
BARRY GOLD, MORRIS NICHOLS                        :
ARSHT & TUNNEL LLP, and POST-                     :
EFFECTIVE DATE COMMITTEE OF                       :
EBC I, INC.,                                      :
                                                  :
            Appellees.                            :
-------------------------------------------------x
```

## APPELLEE'S MOTION TO DISMISS APPEAL

Appellee Traub, Bonacquist & Fox LLP ("TB&F") hereby moves this Court for an order

dismissing the appeal (the "Appeal") of Steve Haas (a/k/a Laser Haas), as President of Collateral

Logistics, Inc. ("CLI/Appellant") from that certain Order, dated October 4, 2005 of the United

States Bankruptcy Court, District of Delaware (Walrath, C.J. presiding) ("Bankruptcy Court"),

*inter alia*, (i) denying the emergency motion filed by CLI/Appellant and (ii) approving

settlement agreement between TB&F and the Office of the United States Trustee, and (iii)

approving the settlement between the Post-Effective Date Committee and Goldman Sachs & Co.,

for and upon the reasons set forth in its Opinion, dated October 4, 2005.  The reasons supporting

D.I. _6_
Date _12/19/05_

dismissal of this appeal are set forth in Appellee's Memorandum of Law filed

contemporaneously herewith.

Dated: December 19, 2005

**JASPAN SCHLESINGER HOFFMAN LLP**
*Delaware Counsel to Traub, Bonacquist & Fox LLP*

By:   */s/ Frederick B. Rosner*
     Frederick B. Rosner (No. 3995)
     913 North Market Street, 12th Floor
     Wilmington, DE  19801
     Tel:   (302) 351-8000
     Fax:   (302) 351-8010

-and-

Ronald R. Sussman (RS-0641)
**KRONISH LIEB WEINER & HELLMAN LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
1114 Avenue of the Americas
New York, NY  10036-7798
Tel:   (212) 479-6000
Fax:   (212) 479-6275

-and-

James L. Garrity, Jr. (JG-8389)
**SHEARMAN & STERLING LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
599 Lexington Avenue
New York, New York 10022
Tel:   (212) 848-4000
Fax:   (212) 848-7179

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------x
In re:                                      :
                                            :    Chapter 11
                                            :
ETOYS, INC., et al.,                        :    Case Nos. 01-0706 (RB)
                                            :    Through 01-0709 (RB)
              Debtors.                      :
                                            :
------------------------------------------------------x
STEVE HAAS (a/k/a LASER HAAS),              :
AS PRESIDENT OF COLLATERAL                  :
LOGISTICS, INC.,                            :
                                            :
              Appellant,                    :    Civil Action No. 05-829 (KAJ)
                                            :
        v.                                  :
                                            :
TRAUB, BONACQUIST & FOX LLP,                :
BARRY GOLD, MORRIS NICHOLS                  :
ARSHT & TUNNEL LLP, AND POST-               :
EFFECTIVE DATE COMMITTEE OF                 :
EBC I, INC.,                                :
                                            :
              Appellees.                    :
------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

I, Frederick B. Rosner, hereby certify that on this 19th day of December, 2005, I served one copy of the *Appellee's Motion to Dismiss Appeal* upon the parties listed below by First Class Mail, postage prepaid:

Steven Haas
178 East Jewel
Delmar, DE 19807

Steven Haas
Collateral Logistics, Inc.
12901 Garden Grove Boulevard, Suite 101
Garden Grove, CA 92843

16037

Derek C. Abbott, Esquire
Morris, Nichols, Arsht & Tunnell
1201 Market Street
Wilmington, DE 19801

Mark Minuti, Esquire
Saul Ewing
222 Delaware Avenue
Wilmington, DE 19801

Mark S. Kenney, Esquire
Office of the United States Trustee
844 King Street
Wilmington, DE 19801

**JASPAN SCHLESINGER HOFFMAN LLP**

/s/ Frederick B. Rosner
Frederick B. Rosner (#3995)
913 Market Street, 12th Floor
Wilmington, DE 19801
(302) 351-8000

16037                                    2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
In re:                                           :    Chapter 11
                                                 :
                                                 :
ETOYS, INC., et al.,                             :    Case Nos. 01-0706 (RB)
                                                 :    Through 01-0709 (RB)
          Debtors.                               :
                                                 :
                                                 :
-------------------------------------------------x
STEVEN HAAS (a/k/a LASER HAAS),                  :
AS PRESIDENT OF COLLATERAL                       :
LOGISTICS, INC.,                                 :
                                                 :
          Appellant,                             :    Civil Action No. 05-829 (KAJ)
                                                 :
                                                 :
          v.                                     :
                                                 :
TRAUB, BONACQUIST & FOX, LLP,                    :
BARRY GOLD, MORRIS NICHOLS                       :
ARSHT & TUNNEL LLP, and POST-                    :
EFFECTIVE DATE COMMITTEE OF                      :
EBC I, INC.,                                     :
                                                 :
          Appellees.                             :
-------------------------------------------------x
```

## MEMORANDUM IN SUPPORT OF
## <u>APPELLEE'S MOTION TO DISMISS APPEAL</u>

Dated: December 19, 2005

**JASPAN SCHLESINGER HOFFMAN LLP**
*Delaware Counsel to Traub, Bonacquist & Fox LLP*
Frederick B. Rosner (No. 3995)
913 North Market Street, 12th Floor
Wilmington, DE 19801
Tel:    (302) 351-8000
Fax:    (302) 351-8010

16004

D.I. 7
Date 12/19/05

-and-

Ronald R. Sussman (RS-0641)
**KRONISH LIEB WEINER & HELLMAN LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
1114 Avenue of the Americas
New York, NY  10036-7798
Tel:     (212) 479-6000
Fax:     (212) 479-6275

-and-

James L. Garrity, Jr. (JG-8389)
**SHEARMAN & STERLING LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
599 Lexington Avenue
New York, New York 10022
Tel:     (212) 848-4000
Fax:     (212) 848-7179

16004

## <u>TABLE OF CONTENTS</u>

Table of Authorities.............................................................................................ii

Nature and Stage of Proceedings......................................................................1

Summary of Argument......................................................................................1

Statement of Facts............................................................................................2

Argument..........................................................................................................3

Conclusion........................................................................................................4

i

## TABLE OF AUTHORITIES

### Cases

Carefirst of Maryland, Inc. v. Care First Transportation, Inc.
No. 02-229, 2002 U.S. Dist. LEXIS 22830 (D. Del. Nov. 1, 2002)…..………………….4

In re Etoys, Inc., *et al.*
Ch. 11 Case No. 01-0706 (MFW) (Bankr. D. Del. October 4, 2005)…..…………….1, 4

Steven Haas v. Traub, Bonacquist & Fox, LLP, *et al.*
No. 05-728 (KAJ) (D. Del. November 14, 2005)……………………..…..………...2, 5

Rowland v. California Men's Colony
506 U.S. 194, 201-202 (1993)……………………………………………………………4

## NATURE AND STAGE OF PROCEEDINGS

Appellant Steve Haas (a/k/a Laser Haas), as President of Collateral Logistics, Inc.

("CLI/Appellant") filed the present appeal (the "Appeal") seeking review of that certain Order, dated

October 4, 2005 ("October 4 Order"), of the United States Bankruptcy Court, District of Delaware

(Walrath, C.J. presiding) (the "Bankruptcy Court"), *inter alia*, (i) denying the emergency motion

filed by CLI/Appellant, (ii) approving settlement agreement between TB&F (defined below) and the

Office of the United States Trustee, and (iii) approving the settlement between the Post-Effective

Date Committee and Goldman Sachs & Co., for and upon the reasons set forth in its Opinion, dated

October 4, 2005.

By the accompanying Motion (the "Dismissal Motion"), Appellee Traub, Bonacquist & Fox,

LLP (TB&F") seeks the issuance and entry of an order, *inter alia*, dismissing the Appeal for the

reasons and the authorities stated herein.

In addition to filing the Dismissal Motion, Appellee has contemporaneously filed a

companion motion seeking the issuance and entry of an order, *inter alia*, staying further proceedings

in connection with the Appeal until such time as Appellee's Dismissal Motion may be decided by

this Court.

## SUMMARY OF ARGUMENT

The central issue presented by Appellee's Dismissal Motion is whether CLI/Appellant may

appear in federal court and prosecute its Appeal *pro se*? The Bankruptcy Court has repeatedly

answered that question in the negative, relying instead on well-settled governing law that provides

that a corporate entity cannot file pleadings or represent itself *pro se* before a federal court . See e.g.,

In re Etoys, Inc., Ch. 11 Case No. 01-0706 (MFW) at p. 7 (ruling that CLI, as a corporation, may not

file pleadings or appear except through counsel, citing Rowland v. California Men's Colony, 506

U.S. 194, 201-202 (1993)), a copy of which is attached hereto as Exhibit "A"; see also Exhibit "B"

1

annexed hereto (various Orders of the Bankruptcy Court in In re Etoys, Inc., Ch. 11 Case No. 01-0706 (MFW), striking pleadings filed *pro se* by CLI/Appellant).

Recognizing this legal infirmity, and notwithstanding having been repeatedly admonished by the Bankruptcy Court -- that CLI cannot proceed *pro se* -- Steven Haas a/k/a Laser Haas, who purports to be the one-hundred (100%) percent owner of CLI, now seeks on appeal to identify himself as the "appellant" herein. However, CLI, not Haas individually, is the stakeholder here. It is CLI, not Haas, that is the subject of the Order from which the appeal has been taken. Against this backdrop, it is very clear that Mr. Haas filed the Appeal because he knew that CLI could not.

Recently, this Court has granted an identical dismissal motion filed by the Post-Effective Date Committee ("PEDC") in an appeal filed by Mr. Haas in the eToys chapter 11 cases on identical grounds as are asserted herein. See Steven Haas v. Traub, Bonacquist & Fox, LLP, *et al.*, No. 05-728 (KAJ) (D. Del. November 14, 2005), a copy of which is attached hereto as Exhibit "C" (dismissing appeal because Haas is not an interested party and further because CLI/Appellant cannot appear *pro se*).[1]

Just as was true in the separate appeal Mr. Haas tried to pursue involving the PEDC, this Court should not permit Mr. Haas to serve as the appellant in the Appeal simply because CLI cannot proceed *pro se*. As this Court has previously done, Haas' thinly veiled attempt to obtain standing should be disregarded and the Appeal should be dismissed.

---

[1]    In addition to this Court's November 14, 2005 Order, a copy of relevant excerpts of the November 14, 2005 hearing transcript is also annexed hereto as Exhibit "C". Pursuant to a Notice of Appeal dated December 7, 2005, Mr. Haas has appealed the referenced order to the United States Court of Appeals for the Third Circuit.

## STATEMENT OF FACTS

CLI/Appellant was a disputed administrative expense creditor whose claim was contested by the PEDC.[2] In what amounted to little more than a thinly veiled collateral attack on the PEDC's objection to CLI's disputed administrative claim, CLI/Appellant filed an emergency motion seeking a litany of relief against TB&F (and certain of its partners), Barry Gold, Morris Nichols Arsht & Tunnell (and certain of its partners), and the PEDC, including, but not limited to, (i) removal and disqualification, (ii) disgorgement of all fees, (iii) sanctions for contravening the disclosure requirements and conflict of interest prohibitions, and (iv) referral of the matters asserted for criminal and disciplinary investigations.[3]

Pursuant to the October 4 Order and the related Opinion of even date, the Bankruptcy Court determined, among other things, that the emergency motion filed by CLI/Appellant was procedurally improper in that it was filed by a corporation (CLI) without counsel in violation of established law, and therefore was not to be considered. The Bankruptcy Court thereupon denied the CLI emergency motion in its entirety.

## ARGUMENT

It is well-settled that "[a] corporation may appear in federal court only by representation of a licensed attorney." Carefirst of Maryland, Inc. v. Care First Transportation, Inc., No. 02-229, 2002 U.S. Dist. LEXIS 22830 (D. Del. Nov. 1, 2002) (citing Rowland v. California Men's Colony, 506

---

[2]    Pursuant to an Order of the Bankruptcy Court dated August 25, 2005 (Baxter, B.J.), CLI/Appellant's claim was dismissed in its entirety. A copy of Judge Baxter's August 25, 2005 Order is annexed hereto as Exhibit "D" and incorporated herein.

[3]    In a separate emergency motion filed subsequent to CLI/Appellant's emergency motion, Mr. Robert K. Alber, purportedly as a member of a so-called "eToys Shareholder Group," sought substantially similar relief from the Bankruptcy Court as to Appellees, and further requested that the Bankruptcy Court (i) appoint a new "Plan Administrator" and a new PEDC, (ii) give the so-called eToys Shareholders Group a seat on any newly constituted PEDC, (iii) appoint counsel to be paid by the chapter 11 estates to represent the so-called eToys Shareholders Group, and (iv) appoint a chapter 11 trustee.

In addition to the relief sought as against Appellees, CLI/Appellant and Mr. Alber also sought relief as against Mark Kenney, Esq., the Asst. U.S. Trustee with responsibility for the administrative oversight of the chapter 11 cases, and requesting that Mr. Kenney "be replaced".

U.S. 194, 201-202 (1993)).  In <u>Carefirst</u>, a motion to dismiss, filed by the president of the movant, who was not a Delaware licensed attorney, was denied on this ground.

The issue of CLI/Appellant's authority to proceed *pro se* in these cases was expressly decided by Chief Bankruptcy Judge Walrath under the October 4 Order and the related Opinion of even date.  <u>See</u> <u>In re Etoys, Inc.</u>, Bankruptcy Case No. 01-0706 (Bankr. D. Del. October 4, 2005) ("the pleadings filed by Mr. Haas on behalf of CLI have been stricken because a corporation must have counsel represent it in federal court").  <u>See</u> Exhibit "A" at p. 7.  The Bankruptcy Court had previously orally denied CLI's request to appear *pro se* in March, 2005.[4]  The October 4 Order and Opinion formally memorialized the Bankruptcy Court's earlier ruling.  The Bankruptcy Court had also separately stricken pleadings filed by CLI/appellant on prior occasions upon the same grounds. <u>See</u> Exhibit "B", <u>In re Etoys, Inc.</u>, Bankruptcy Case No. 01-0706 (Bankr. D. Del. June 27, 2005) (Walrath, C.B.J.) (ruling "The Motion to Strike is GRANTED because the pleadings purport to be filed by a corporation without counsel.  A corporation may not appear and file pleadings in federal court without counsel." (citations omitted)); and <u>In re Etoys, Inc.</u>, Bankruptcy Case No. 01-0706 (Bankr. D. Del. July 25, 2005) (Baxter, B.J.) (ruling "under applicable law, CLI cannot appear *pro se* in this matter ... and is specifically prohibited form causing any future filings to be made on the docket in this matter without the benefit of counsel;" "Steven Haas is not a licensed attorney and is prohibited from representing or causing any future filings in this matter on behalf of CLI." (citations omitted)).[5]

More recently this Court has considered and rejected CLI/Appellant's attempts to appear *pro se*, and further has determined that Mr. Haas cannot substitute himself for CLI as the appellant.  <u>See</u>

---

[4]    A copy of relevant excerpts of the March 1, 2005 hearing transcript is annexed hereto as Exhibit "E" and is incorporated herein.

[5]    In that same July 25, 2005 Order, the Bankruptcy Court (Baxter, B.J.) ordered that "any future filings by CLI *pro se* or Haas on behalf of CLI, shall result in the imposition of sanctions".

16004                                              4

Steven Haas v. Traub, Bonacquist & Fox, LLP, et al., No. 05-728 (KAJ) (D. Del. November 14,

2005), a copy of which is attached hereto as Exhibit "C" (dismissing appeal because Haas is not an

interested party and further because CLI/Appellant cannot appear *pro se*).[6]

CLI (or Mr. Haas purportedly on its behalf) is well aware that it is not able to file or

prosecute its Appeal *pro se*. In a thinly veiled effort to by-pass the known legal proscriptions to its

appellate designs, Steve Haas, a/k/a Laser Haas, has instead identified himself as the appellant

herein. See Exhibit "F". However, Mr. Haas, individually, is not the subject of the Order from

which the Appeal has been taken. Styling himself, as opposed to CLI, as the appellant is a

transparent attempt to have CLI's appeal heard by this Court in direct contravention of well-settled

law precluding such efforts. This Court has previously seen through this charade; this Court should

not countenance this subterfuge in this appeal either. For these reasons, the Appeal should be

dismissed with prejudice and costs assessed against both CLI and Haas.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that the Court dismiss the Appeal

with prejudice.

Dated: December 19, 2005

JASPAN SCHLESINGER HOFFMAN LLP
*Delaware Counsel to Traub, Bonacquist & Fox LLP*

By:   /s/ Frederick B. Rosner
      Frederick B. Rosner (No. 3995)
      913 North Market Street, 12th Floor
      Wilmington, DE 19801
      Tel:   (302) 351-8000
      Fax:   (302) 351-8010

-and-

---

[6]     See Footnote 1, *infra*.

16004                                   5

Ronald R. Sussman (RS-0641)
**KRONISH LIEB WEINER & HELLMAN LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
1114 Avenue of the Americas
New York, NY 10036-7798
Tel:    (212) 479-6000
Fax:    (212) 479-6275

-and-

James L. Garrity, Jr. (JG-8389)
**SHEARMAN & STERLING LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
599 Lexington Avenue
New York, New York 10022
Tel:    (212) 848-4000
Fax:    (212) 848-7179

16004

6

# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
IN RE:                      ) Chapter 11
ETOYS, INC., et al.,        )
                            )
            Debtors.        ) Case No. 01-706 (MFW)
                            ) through Case No. 01-709 (MFW)
                            ) Jointly Administered
                            )
```

### OPINION[1]

Before the Court are Motions filed by a shareholder, Robert
Alber ("Alber"), and an administrative claimant, Collateral
Logistics, Inc. ("CLI"), against Barry Gold ("Gold"), Morris
Nichols, Arsht & Tunnell ("MNAT") and Traub, Bonaquist, Fox LLP
("TBF") and certain of their partners (collectively "the
Respondents") seeking removal, disgorgement of fees, and
sanctions for contravening the disclosure requirements of
Bankruptcy Rule 2014 and the conflict of interest prohibitions of
section 327(a) of the Bankruptcy Code.  The Movants also ask the
Court to refer the matter for criminal and disciplinary
investigations.  The Respondents oppose the Motions.  The United
States Trustee (the "UST") initially filed a Motion seeking
disgorgement of fees from TBF but now seeks approval of a
settlement of that Motion.  A Motion seeking approval of a

---

[1]  This Opinion constitutes the findings of fact and conclusions
of law of the Court pursuant to Federal Rule of Bankruptcy
Procedure 7052, which is made applicable to contested matters by
Federal Rule of Bankruptcy Procedure 9014.

settlement with Goldman Sachs & Co. ("Goldman") is also pending. For the reasons set forth below, the Court will strike the CLI Motion, grant the Alber Motion as to MNAT in part, and approve the TBF and Goldman settlements. The Court will deny Alber's Motion as to Gold, but articulates herein a new requirement that officers of a debtor must in the future disclose any connections they have with other parties in the case which create a potential or actual conflict of interest.

I.    BACKGROUND

On March 7, 2001 ("the Petition Date"), eToys, Inc., and certain of its affiliates (collectively "the Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors were electronic retailers of toys and other children's products.

On April 5, 2001, the Debtors filed applications to retain two firms as their bankruptcy attorneys: Irell & Manella ("Irell") and MNAT. The UST objected to Irell's retention arguing that Irell was not disinterested under section 327(a) because Peter Juzwiak, the Debtors' Vice President and General Counsel, was to join the firm as a partner effective April 30, 2001. As a result, Irell was retained as special counsel only.

In connection with the MNAT retention application, partner Robert Dehney ("Dehney") submitted an affidavit listing parties in interest in the case that the firm had represented within the previous three years or was representing at the time. (None of the other representations were on matters related to the Debtors.) The Dehney Affidavit failed to disclose that, at that time, MNAT was representing General Electric Capital Corporation ("GECC") and two affiliates of Goldman ("the Goldman Affiliates") in the bankruptcy case filed by Finova Capital Corporation ("Finova") on the same day that the Debtors filed their case. No objections were filed to the MNAT application and, as a result, the Court approved MNAT's retention on April 25, 2001.

On March 16, 2001, the UST appointed the Official Committee of Unsecured Creditors ("the Committee"). The Committee retained TBF as its counsel, which was approved by the Court on April 25, 2001. On May 21, 2001, the Debtors hired Gold to coordinate their liquidation. On July 23, 2001, after the Debtors had obtained D&O insurance, Gold was named President and CEO. At no time did Gold or TBF disclose that Gold and TBF's senior partner, Paul Traub, were partners in an entity known as Asset Disposition Advisors, LLC ("ADA") or that, TBF paid Gold $30,000 a month from February to May 2001 for his services to ADA.

3

On November 1, 2002, the Court confirmed the Debtors' First
Amended Consolidated Liquidating Plan of Reorganization ("the
Plan"), which went effective on November 5, 2002.  Pursuant to
the Plan, the Debtors' remaining assets were vested in EBCI, Inc.
(the "Reorganized Debtor"), which was to be managed by a Plan
Administrator.  Gold was appointed as the Plan Administrator and
retained MNAT as counsel for the Reorganized Debtor.  The
Committee was dissolved and succeeded by the Post Effective Date
Committee (the "PEDC").  The liquidation of the Reorganized
Debtors' assets is close to conclusion.  The secured and priority
creditors have largely been paid in full and unsecured creditors
are expected to receive a distribution of approximately 16%.
Shareholders will receive no distribution.

On November 24, 2004, the PEDC filed a Motion for approval
of a settlement it had reached with Goldman for the return of
$200,000 of a success fee which had been paid pre-petition by the
Debtors.  Alber and CLI filed objections to that Motion asserting
that the attorneys and members of the PEDC had conflicts of
interest.

On December 20, 2004, Alber filed an emergency Motion for
sanctions and related relief against Gold, TBF and certain of its
partners.  On December 22, 2004, CLI filed a similar Motion.  On
January 25, 2005, Alber filed a Motion against MNAT purportedly

4

on behalf of himself and other shareholders which also seeks disqualification and disgorgement of fees. Objections were filed by the Respondents.

On February 15, 2005, the UST filed its own Motion which sought disgorgement of fees from TBF (the "Disgorgement Motion"). The Disgorgement Motion was subsequently settled and a Motion to approve the settlement was filed on February 24, 2005 (the "Settlement Motion"). Alber and CLI filed pleadings in support of the Disgorgement Motion and in opposition to the Settlement Motion.

A hearing on all the Motions was held on March 1, 2005, at which evidence and testimony were presented in support of the parties' positions. At the conclusion, the Court permitted additional briefing by the parties to explain their positions based on the facts that had been presented.[2] That briefing is complete and the issues are now ripe for decision.

## II.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 &

---

[2] The Court directed the parties to complete briefing by March 15, 2005. Despite that direction, Alber and Mr. Haas, purportedly on behalf of CLI, have continued to file pleadings related to the issues at bar. The Court has stricken those pleadings. Further, the pleadings filed by Mr. Haas on behalf of CLI have been stricken because a corporation must have counsel represent it in federal court. See Discussion infra at Part A1.

157(b)(2)(A), (B) & (O).

III. DISCUSSION

Alber alleges that the Respondents violated Bankruptcy Rule 2014 and section 327(a) of the Bankruptcy Code by not disclosing connections to other parties in the case, some of which he asserts are actual conflicts of interest. Alber contends that the delayed disclosure was intentional and that even the subsequent disclosure of the relationships failed to comply with the requirements of the Rule. Finally, Alber suggests that the Respondents violated Bankruptcy Rule 2016, Rule 11 and various provisions of title 18. Alber asks the Court to: (1) compel the Respondents to disgorge all payments that they have received to date in the case; (2) dismiss MNAT and TBF as counsel to the Reorganized Debtor and the PEDC, respectively; (3) permit Alber to conduct far-ranging discovery of the Reorganized Debtor and counsels' records; (4) appoint a trustee; and (5) refer the entire matter for additional criminal and disciplinary investigations into the conduct of the case.

A.    Preliminary Arguments

The Respondents raise preliminary arguments that the Court is precluded from even addressing the merits of the Motions.

1.    CLI Motion

6

At the hearing it was asserted that the Motion filed by CLI was procedurally improper because it was filed by a corporation without benefit of an attorney.  The Court agreed and ruled that CLI, as a corporation, may not file pleadings or appear except through counsel.  <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").  Therefore, the pleadings filed by CLI have not been considered.[3]

    2.  <u>Jurisdiction over the PEDC and Reorganized Debtors</u>

The Respondents also assert that the Court lacks jurisdiction over the PEDC, the Reorganized Debtor, and the Plan Administrator.  Section 5.3(c)(v) of the Plan empowers the Plan Administrator to select, retain and compensate professionals without approval of the Court.  Therefore, the Respondents assert that the Court does not have the power to remove TBF and MNAT from their post-confirmation employment as requested by Alber.

The Plan does, however, expressly provide that the Court retains jurisdiction to remove the Plan Administrator for cause. (<u>See</u> Plan at § 5.2.)  <u>See also</u> <u>Griffin Resorts, Inc. v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)</u>, 372 F.3d 154, 161

---

[3]  This has not, however, diminished the issues addressed by the Court because Alber's pleadings are substantially identical to CLI's pleadings.

(3d Cir. 2004) (holding that "Retention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction.")

Notwithstanding that retention language, however, the post-confirmation jurisdiction of the Bankruptcy Court is extremely limited.  See, e.g., Resorts Int'l, 372 F.3d at 161 (concluding that, notwithstanding retention of jurisdiction provisions in a plan, "neither the bankruptcy court nor the parties can write their own jurisdictional ticket.  Subject matter jurisdiction 'cannot be conferred by consent' of the parties. . . .  Where a court lacks subject matter jurisdiction over a dispute, the parties cannot create it by agreement even in a plan of reorganization.") (citations omitted); Walnut Assocs. v. Saidel, 164 B.R. 487, 491-92 (E.D. Pa. 1994) ("Although the jurisdiction of the bankruptcy court continues until the Chapter 11 case is closed, once a plan has been confirmed, the court's jurisdiction begins to weaken.") (citations omitted).

The Bankruptcy Court, however, does retain jurisdiction post-confirmation to enforce the Plan.  11 U.S.C. § 1142(b) ("[t]he court may direct the debtor and any other necessary party . . . to perform any . . . act . . . that is necessary for the consummation of the plan.").  See, e.g., In re Terracor, 86 B.R. 671, 676 (Bankr. D. Utah 1988) ("The clear intent of section

1142(b) is for the court to retain its jurisdiction to assure that the terms and provisions of the confirmed Chapter 11 plan are carried out until the plan is completed and a final decree is entered closing the case.").

The Court concludes, nonetheless, that the issue of replacement of professionals for the PEDC and the Reorganized Debtors or the Plan Administrator does not fall within that limited jurisdiction.  The identity of the Plan Administrator or its professionals does not have such a significant impact on the estate for the Court to conclude that it is related to the bankruptcy case.  This case is factually indistinguishable from the Resorts Int'l case where the Third Circuit held that the bankruptcy court did not have jurisdiction over a suit by the post-confirmation trust against a trust professional for post-confirmation activities, notwithstanding the retention of jurisdiction language in the plan and confirmation order.  372 F.3d at 161.  Therefore, the Court will deny Alber's request to replace Gold, MNAT and TBF in their post-confirmation roles.  The Court does, however, have jurisdiction to deal with the issues raised by the parties' pre-confirmation actions.

3.    Appointment of Trustee or Examiner

The Respondents further argue that Alber's request for the appointment of a trustee or examiner must be denied.  Section