# EXHIBIT "C"

1

1    IN THE UNITED STATES DISTRICT COURT

2    IN AND FOR THE DISTRICT OF DELAWARE

3                      - - -

IN RE:                          Chapter 11
4                             :
ETOYS, INC., et al.,          :    Case Nos. 01-0706 (RB)
5                             :    through 01-0709 (RB)
        Confirmed Debtors.   :
6    -------------------------------
STEVEN HAAS,                  :    CIVIL ACTION
7                             :
          Appellant,          :
8        v                    :
                              :
9    ETOYS, INC., and POST-EFFECTIVE :
DATE COMMITTEE OF UNSECURED   :
10   CREDITORS,                :
                              :    NO. 05-728 (KAJ)
11         Appellee.           - - -

12
                      Wilmington, Delaware
13           Monday, November 14, 2005 at 2:00 p.m.
              TELEPHONE CONFERENCE (ORAL ARGUMENT)
14
                      - - -
15
BEFORE:      HONORABLE KENT A. JORDAN, U.S.D.C.J.
16
                      - - -
17   APPEARANCES:

18
          STEVEN HAAS
19
              Pro Se Plaintiff
20

21        JASPAN SCHLESINGER HOFFMAN, LLP
          BY:  FREDERICK B. ROSNER, ESQ.
22
              Counsel for the Post-Effective Date
23            Committee of Unsecured Creditors

24
                              Brian P. Gaffigan
25                            Official Court Reporter

1    make, he said what he wants to say.

2              MR. ROSNER:  All right, well I'll just for the

3    record say that I don't think it's relevant to today's

4    hearing.

5              THE COURT:  Okay.  Good enough.

6              MR. ROSNER:  Also, some of these arguments that

7    we heard many times before at the Bankruptcy Court level,

8    Mr. Haas said that I was his counsel.  I was never his

9    counsel.  I wasn't at the meeting he described.  And --

10             THE COURT:  Well, don't feel compelled to answer

11   every point you think is irrelevant, Mr. Rosner.

12             MR. ROSNER:  Okay.  The bottom line is Mr. Haas,

13   even if he were a shareholder of Collateral Logistics Inc.,

14   was not directly adversely harmed in a pecuniary fashion and

15   the standing on appeals is very limited.  We don't think

16   that he has made out the standard for appellant standing and

17   for that reason, the appeal should be dismissed.

18             THE COURT:  All right.  Well, here is the ruling

19   I have for you.  And the reasons for it.

20             First, I'll say at the get-go, this speaks

21   not at all to whatever issues Mr. Haas has with the

22   folks involved here, including making no comment as to

23   Mr. Rosner's assertion that Mr. Haas suffered no pecuniary

24   loss.  I don't know about that, one way or another.  I

25   have his assertion that he did as a principal of this

24

1    corporation.  But I also have unrebutted before me a record

2    that CLI, a corporate entity, entered proofs of claim.  They

3    were rejected.  That there was back and forth associated

4    with that.  I should say they were objected to.  Ultimately,

5    they were rejected by Judge Baxter.  And that it's the first

6    time on appeal is when Mr. Haas attempts to cast away the

7    corporate veil and say no, it's really me.

8         If having the corporate veil had been in your

9    interest, Mr. Haas, I believe you would be hanging on to it

10   fervently; but as you view it as not in your interest, you

11   are attempting to throw it aside and that's just not the

12   way it works.  The corporate veil is respected, and it's

13   respected for a reason.  You choose to do business through

14   a corporate entity, it is a separate juridical person.  It

15   has rights that can be asserted and they're not rights that

16   inure to the shareholder as shareholder.  They're the

17   corporation's rights and opportunities and the shareholders

18   ultimately benefit only when the corporation benefits.

19        So, I also have before me a series of orders

20   from the Bankruptcy Court, and if I have it right, there are

21   five of them:  There is a March 1st, '05 order from Judge

22   Walrath.  There is a June 27th, '05 order from Judge

23   Walrath.  There is a September 25th order.  There is an

24   October 4th order.  There is an August 25th order.

25        These are various orders from Judge Walrath and

1   from Judge Baxter, all of which say either directly or

2   allude to the principle of raw that corporations cannot be

3   represented except by counsel.  It's long established.  It's

4   firm in the law.  That is the way it works.

5           So I'm granting the motion to dismiss.  I have

6   not been deaf to what you have said here, Mr. Haas, but the

7   rules apply.  And now if you feel like you have a claim

8   against your former bankruptcy counsel for doing you dirty

9   in the course of this, then you may have rights against that

10  firm and you should look into it if you think you need to.

11          If you think you've got some right under Section

12  503 in your own name, well, maybe it's too late for that or

13  maybe not.  I don't know.  But I know for sure you can't

14  come up with that for the first time on appeal.  That's the

15  sort of thing that it gets handled at a trial level, not

16  getting pulled out of the mix.

17          MR. HAAS:  I did raise the issue, Your Honor,

18  prior to.

19          THE COURT:  I don't have any ruling on that in

20  front of me.  All I've got is you, here, for the first time

21  in the appellate court saying it's me, it's not really CLI

22  and I cannot allow that to go forward.  The rules don't

23  allow it and they don't allow it for good reason.  These are

24  things that are properly aired in the trial court in the

25  first instance.

1    So for the reasons I've just put on the record,

2  and which I will not reiterate in full in writing, this

3  transcript will be the memorialization of the reasons for

4  the ruling, I'm granting the motion to dismiss.  I'll enter

5  a one line order that says:  For the reasons stated during

6  the teleconference/argument held in the case today, the

7  appeal is dismissed.

8    And then you can do with that, Mr. Haas, as you

9  think appropriate.  If you think you want to take that to

10  the Third Circuit, you know, you may be able to persuade

11  them otherwise and if so, we'll be back here and we'll look

12  to the merits of your appeal.  But as it stands now, I feel

13  compelled to say that the appeal must be dismissed for the

14  reasons I've stated.  All right.

15    MR. HAAS:  Your Honor, can I ask that you put

16  the transcript in the record?

17    THE COURT:  The transcript will absolutely be

18  part of the record.  It will be part of the court record but

19  I won't make it some attachment in the public record except

20  for this portion of it.  That is, the argument portion will

21  not be my statement of reasons and ruling.  If you would

22  like to have that posted as an e-filing, sir, I will do

23  that.

24    Let me also note that we had a little bit of

25  confusion about e-filing.  When I said I would allow you

27

1    to receive something by electronic mail because of your

2    statements before about safety, I did not mean to imply you

3    could file things here via e-mail to court staff.  You have

4    to file things in hard copy properly or you have to be

5    properly signed up to do electronic filing.  So anyway, I

6    make that of record as well.

7              All right.  Thank you for your time today,

8    everybody.  And I'll get the order out today.

9              MR. ROSNER:  Thank you, Your Honor.

10             (Telephone conference ends at 2:42 p.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT "D"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------------X

In re:

Chapter 11

ETOYS, INC., et al.,

Case Nos. 01-0706 (RB)
Through 01-0709 (RB)

Confirmed Debtors.

**Re: Docket Nos. 2287 & 2301**

-----------------------------------------------------------------X

## ORDER (A) DISMISSING CLAIMS FILED BY COLLATERAL LOGISTICS, INC. AND (B) DENYING EMERGENCY MOTION BY COLLATERAL LOGISTICS, INC. FOR AN EXTENSION OF TIME TO SEEK NEW COUNSEL AND/OR TO ACT PRO SE

Upon the Motion by The Post Effective Date Committee to Dismiss Claims Filed

by Collateral Logistics, Inc. [Docket No. 2301] (the "Motion to Dismiss") and the Emergency

Motion by Collateral Logistics Inc. for an Extension of Time to Seek New Counsel and/or to Act

Pro Se (the "Emergency Motion"); and due and sufficient notice of the hearing on the Motion to

Dismiss having been given; and for the reasons set forth in the Motion to Dismiss and at the

hearing thereon held on August 22, 2005 (the "August 22 Hearing"); and after due deliberation

and good and sufficient cause having been shown, the Court hereby finds as follows:

A.      CLI was retained by Orders dated April 25, 2001 [Docket No. 249] and

July 9, 2001 [Docket No. 515] to provide transportation and security services in connection with

the liquidation of estate inventory (together, the "CLI Retention Orders");

B.      The CLI Retention Orders require CLI to file and serve periodic and final

applications for payment of its fees for services rendered and reimbursement of expenses,

including with such applications all supporting documentation;

C.      CLI failed to file any fee applications as required by the CLI Retention

Orders;

#14606.1

*H- 8/22/05 -*
*jm*

D.    A dispute arose between the estate and CLI as to the amount of fees and expenses, if any, owed to CLI;

E.    Representatives of the estate and CLI negotiated a compromise of the disputed fees and expenses as set forth in the Affidavit of Steven Haas in Support of Collateral Logistics, Inc.'s Request for Payment of Expenses dated November 28, 2001 (the "Affidavit") filed with the Court [Docket No. 2133];

F.    CLI thereafter filed two "bare bone" proofs of claim dated February 14, 2002 and March 1, 2002 seeking payment beyond the amounts CLI previously was paid and the amounts agreed to as set forth in the Affidavit (together, the "CLI Claims");

G.    The CLI Claims lack any supporting documentation as required by the Bankruptcy Rules;

H.    The PEDC filed objections to the CLI Claims and thereafter sought discovery against CLI;

I.    When CLI failed to properly and fully respond to the PEDC's discovery requests the PEDC filed a Motion to: (A) Compel Production of Documents and Responses to Discovery Requests; (B) Quash Subpoenas, and (C) Stay Third Party Discovery Requests Propounded By Collateral Logistics, Inc. (the "Motion to Compel") and a Supplement to the Motion to Compel;

J.    The Motion to Compel was granted by Order dated December 6, 2004 [Docket No. 2133];

K.    CLI failed to comply with the December 6, 2004 Order Granting the Motion to Compel;

#14606                                    2

L.    By Order dated June 6, 2005 [Docket No. 2274], CLI was directed to obtain new counsel on or before June 20, 2005 at 4:00 p.m. with no further extensions;

M.    CLI failed to obtain substitute counsel on or before the June 20, 2005 deadline;

N.    By Order dated July 26, 2005 [Docket No. 2302] (the "Order Granting Motion to Strike"), the Court ruled that CLI could not appear *pro se* and specifically prohibited CLI from causing any future filings in this matter and specifically prohibited Steven Haas from representing or causing any future filings on behalf of CLI;

O.    The Order Granting the Motion to Strike specifically provided that any future pleadings by CLI *pro se* or Haas on behalf of CLI, shall result in the imposition of sanctions;

P.    The Order Granting Motion to Strike is in accord with the oral ruling made by Chief Judge Walrath on March 1, 2005 that CLI cannot appear *pro se*;

Q.    CLI filed its Emergency Motion on June 17, 2005 [Docket No. 2287];

R.    Following the entry, and in violation of, the Order Granting Motion to Strike, Steven Haas submitted the following pleadings on behalf of CLI and *pro se*:

   a.    Response by Collateral Logistics to PEDC Motion to Dismiss Collateral Logistics Claim; and

   b.    Motion by Steve Haas to Seek Compensation by 503(b) Substantial Contribution and to Object to the Post Effective Date Committee Motion to Dismiss Collateral Logistics;

S.    CLI had sufficient time to secure substitute counsel;

T.    CLI had ample opportunity to providing supporting documentation, if any, for the CLI Claims;

U.    Rule 41(b) of the Federal Rules of Civil Procedure and relevant case law,

*see, e.g.*, *Workman v. Biles*, No. 00-1030, 2004 U.S. Dist. LEXIS 4948 (d. Del. March 18, 2004),

identify its factors for a Court to consider in connection with dismissal of a claim for future to

prosecute. Application of those factors to the facts presented here demonstrate cause to dismiss

CLI claims; and

V.    In connection with these findings, the Court takes judicial notice of the

following:

(a)    Order Authorizing and Approving Employment of Collateral
Logistics, Inc. as Liquidation Consultant to the Debtors [Docket
No. 249];

(b)    Order Authorizing and Approving Employment of Collateral
Logistics, Inc. as Liquidation Agent for the Debtors [Docket No.
515];

(c)    Proof of Claim of Collateral Logistics, Inc. dated February 14,
2002;

(d)    Proof of Claim of Collateral Logistics, Inc. dated March 1, 2002;

(e)    Order Regarding Motion by Post-Effective Date Committee to
Compel Responses to Discovery and for Other Appropriate Relief
[Docket No. 2133];

(f)    Order Granting Motion of The Bayard Firm and Brook &
Hockman LLP for Leave to Withdraw as Counsel to Collateral
Logistics, Inc. [Docket No. 2274]; and

(g)    Order Dated July 25, 2001 [Docket No. 2302].

ACCORDINGLY, BASED ON THE FOREGOING AND THE RECORD

MADE AT THE AUGUST 22 HEARING, IT IS HEREBY

ORDERED, that the Motion to Dismiss is granted, with prejudice, and the

Emergency Motion is denied; and it is further

#14606                                    4

ORDERED, that the CLI Claims, including any administrative claim or other claim it has asserted or may assert against these estates, are disallowed and expunged in their entirety; and it is further

ORDERED, that this Court shall return jurisdiction over any dispute relating to this Order.

Dated: August 25 , 2005
Wilmington, Delaware

United States Bankruptcy Judge

#14606                                              5

# EXHIBIT "E"

19

1      MR. GARRITY:  November 1, '02, Your Honor.

2      THE COURT:  Which is longer than six months.

3      MR. GARRITY:  Your Honor, may I be heard briefly on

4  just a procedural matter?

5      THE COURT:  Yes.

6      MR. GARRITY:  I'm concerned -- I understood the Court's

7  rulings at the last hearing to preclude Mr. Haas or CLI from

8  being represented without an attorney.  I recognize the Court's

9  got the discretion to consider whatever it wants, but I just want

10  to note for the record that we would object to Mr. Haas

11  representing CLI without an attorney in this matter.  I believe a

12  corporation is to be represented by counsel, Your Honor.

13      THE COURT:  And, Mr. Haas, do you -- is your counsel

14  here?

15      MR. HAAS:  No, Your Honor.  My counsel does not

16  represent me in this particular part.  They only represent me in

17  my claim matter.

18      THE COURT:  Well, but you, Mr. Haas, aren't a person

19  with an interest here.  Only CLI is.  So you cannot represent

20  CLI.

21      MR. HAAS:  So does that mean that I remain quiet for

22  the rest of the hearing?

23      THE COURT:  That's exactly what it means.

24      MR. MINUTI:  Your Honor, if I could, Mark Minuti from

25  Saul Ewing representing Barry Gold.  I just wanted to note my

**J&J COURT TRANSCRIBERS, INC.**

objection as well for the record. Thank you, Your Honor.

THE COURT: All right. Well, for the record, I also, notwithstanding that, I will consider Mr. Haas's comments, but it appears that confirmation was two and a half years ago. And any time to seek to revoke the confirmation order has also expired. So I won't consider the request to ignore the confirmation order. And consequently, under 1104(a), I am without power to appoint a trustee or examiner.

MR. GARRITY: May I continue, Your Honor?

THE COURT: Yes.

MR. GARRITY: Your Honor, if we could just turn our attention to the request by CLI that the Court order a seizure by the trustee of all fees paid to Barry Gold and a seizure by the trustee of all funds in the possession of any party. Your Honor, in light of the fact that Your Honor has not appointed a trustee, we would suggest that the relief sought be denied as a matter of law, recognizing, of course Your Honor, that Your Honor had the discretion in dealing with the issues as they relate to Mr. Gold. We don't mean --

THE COURT: Well, let's deal with that in the issues with Mr. Gold. I won't --

MR. GARRITY: All right. So I would ask that Your Honor deny the request that there be an order for a seizure by the trustee of all fees paid to Mr. Gold --

THE COURT: Well, let's -- no. We'll deal --

# EXHIBIT "F"

## Notice of APPEAL INTENT

### In re: eToys 01-706 through 01-709

Jointly Administrated

**RE:** The Court's Decision in the matter of Non Disclosure, Conflicts, Perjury, Disqualification, Disgorgement of Barry Gold, Traub Bonacquist & Fox, Morris Nichols Arsht & Tunnel and the removal of Mark Kenney as appointed watchdog which was handed down by the Delaware Bankruptcy Court in Wilmington Delaware on October 4, 2005.

Whereas I, Steve Haas(a/k/a Laser) as President of Collateral Logistics, Inc ("CLI"), being a party of Interest do hereby state to all parties concerned that I do this day Appeal and seek upper Court review of the Opionion and Order handed down by the Federal Bankruptcy Court of Wilmington Delaware on October 4, 2004 concerning the matter of Non Disclosure, Conflict of Interest, Disgorgement, Disqualification and Fraud by Her Honor Walrath In re: eToys DE Fed. Dist 01-706 thru 01-709 jointly administrated.

In compliance with the Federal Rules of Civil Procedure concerning the timely filing of Appeal which requires aNotice within 10 days of such Order I submit the filing fee of $255 and deliver to the Clerk by Overnight Certified Delivery this Intent to Appeal which is processed this the 11th Day of October 2005 and is within the Timeline which in accordance with Rule 8000 would be October 14, 2005.

Respectfully Submitted
Laser Steven Haas
President / CEO and sole shareholder
Collateral Logistics, In.c

Laserhaas@msn.com
Bhaass@aol.com  310 819 7777

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------x
```
In re:                                          :
                                                :    Chapter 11
                                                :
ETOYS, INC., et al.,                            :    Case Nos. 01-0706 (RB)
                                                :    Through 01-0709 (RB)
         Debtors.                               :
                                                :
```
------------------------------------------------x
```
STEVEN HAAS (a/k/a LASER HAAS),                 :
AS PRESIDENT OF COLLATERAL                      :
LOGISTICS, INC.,                                :
                                                :
         Appellant,                             :    Civil Action No. 05-829 (KAJ)
                                                :
             v.                                 :
                                                :
TRAUB, BONACQUIST & FOX LLP,                    :
BARRY GOLD, MORRIS NICHOLS                      :
ARSHT & TUNNEL LLP, and POST-                   :
EFFECTIVE DATE COMMITTEE OF                     :
EBC I, INC.,                                    :
                                                :
         Appellees.                             :
```
------------------------------------------------x
```

## ORDER GRANTING APPELLEE'S MOTION TO DISMISS

Upon the motion (the "Motion") of Appellee Traub, Bonacquist & Fox LLP (TB&F"),

dated December19, 2005, seeking the issuance and entry of an order, *inter alia*, dismissing the

appeal (the "Appeal") of Steve Haas (a/k/a Laser Haas), as President of Collateral Logistics, Inc.

("CLI/Appellant") from that certain Order, dated October 4, 2005 of the United States

Bankruptcy Court, District of Delaware (Walrath, C.J. presiding) ("Bankruptcy Court"), *inter*

*alia*, denying the emergency motion filed by CLI/Appellant for and upon the reasons set forth in

its Opinion, dated October 4, 2005; and the Court having considered the Memorandum in support

16005

of Appellees' Motion to Dismiss Appeal, dated December __, 2005; and after due deliberation and

for cause shown, it is hereby:

     **ORDERED**, that the Motion is granted and the Appeal is dismissed with prejudice.


Dated: _____ __, 200_


                                        _____
                                        United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
```
In re:                                          :

                                         :   Chapter 11

                                         :

ETOYS, INC., et al.,                            :   Case Nos. 01-0706 (RB)
                                         :   Through 01-0709 (RB)

        Debtors.                        :

                                         :
```
------------------------------------------------------x
```
STEVE HAAS (a/k/a LASER HAAS),                  :
AS PRESIDENT OF COLLATERAL
LOGISTICS, INC.,                                :

                                         :

        Appellant,                      :   Civil Action No. 05-829 (KAJ)

                                         :

        v.                              :

                                         :

TRAUB, BONACQUIST & FOX LLP,                    :
BARRY GOLD, MORRIS NICHOLS
ARSHT & TUNNEL LLP, AND POST-                   :
EFFECTIVE DATE COMMITTEE OF
EBC I, INC.,                                    :

                                         :

        Appellees.                      :
```
------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

    I, Frederick B. Rosner, hereby certify that on this 19th day of December, 2005, I served one copy of the *Memorandum in Support of Appellee's Motion to Dismiss Appeal* upon the parties listed below by First Class Mail, postage prepaid:

Steven Haas                            Steven Haas
178 East Jewel                        Collateral Logistics, Inc.
Delmar, DE 19807                 12901 Garden Grove Boulevard, Suite 101
                                          Garden Grove, CA 92843

16038

Derek C. Abbott, Esquire
Morris, Nichols, Arsht & Tunnell
1201 Market Street
Wilmington, DE 19801

Mark Minuti, Esquire
Saul Ewing
222 Delaware Avenue
Wilmington, DE 19801

Mark S. Kenney, Esquire
Office of the United States Trustee
844 King Street
Wilmington, DE 19801

**JASPAN SCHLESINGER HOFFMAN LLP**

/s/ Frederick B. Rosner
Frederick B. Rosner (#3995)
913 Market Street, 12th Floor
Wilmington, DE 19801
(302) 351-8000

16038                                    2