IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ETOYS, INC., et al., ) | |
| ) | Case Nos. 01-0706 (RB) |
| Debtors. ) | through 01-0709 (RB) |
| _____ ) | |
| STEVEN HAAS (a/k/a LASER HAAS), ) | |
| AS PRESIDENT OF COLLATERAL ) | |
| LOGISTICS, INC., ) | |
| ) | |
| Appellant, ) | Civil Action No. 05-829 (KAJ) |
| ) | |
| v. ) | |
| ) | |
| TRAUB, BONACQUIST & FOX LLP, ) | |
| BARRY GOLD, MORRIS NICHOLS ) | |
| ARSHT & TUNNELL LLP, and POST- ) | |
| EFFECTIVE DATE COMMITTEE OF ) | |
| EBC 1, INC., ) | |
| ) | |
| Appellees. ) | |

## MEMORANDUM ORDER

I. **INTRODUCTION**

This is an appeal brought by Steven Haas (a/k/a Laser Haas), seeking review of the October 4, 2005 order of the United States Bankruptcy Court for the District of Delaware in bankruptcy case nos. 01-706 to 01-709. Before me now are Motions to Dismiss the Appeal, submitted by Appellees Traub, Bonacquist & Fox LLP ("TBF") (Docket Item ["D.I."] 6), Barry Gold (D.I. 11), and Morris Nichols Arsht & Tunnell LLP ("MNAT") (D.I. 15). For the reasons that follow, the Motions to Dismiss will be granted.[1]

---

[1] TBF, Gold, and MNAT have also filed Motions to Strike items improperly designated by Haas to be included in the record on appeal (D.I. 8, D.I. 12, D.I. 18) and Motions to Stay further proceedings until the pending motions are resolved (D.I. 9, D.I. 10, D.I. 14). Because the Motions to Dismiss will be granted, those other motions will

## II.   DISCUSSION

According to TBF, Gold, and MNAT, Haas lacks standing to appeal the bankruptcy court's order (D.I. 7 at 5)[2] and, because he is not an attorney, he cannot represent Collateral Logistics, Inc. ("CLI") (*id.* at 3-4), the corporation whose motion was denied by that order, see *In re EToys, Inc.*, 331 B.R. 176, 185, 204 (Bankr. D. Del. 2005). I agree with both positions.

First, as to standing, the United States Court of Appeals for the Third Circuit "has emphasized that appellate standing in bankruptcy cases is limited to 'person[s] aggrieved.'" *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 530 (3d Cir. 1999) (citing *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995)). That standard "is more stringent than the constitutional test for standing [and] serves the acute need to limit collateral appeals in the bankruptcy context." *Id.* "[O]nly those whose rights or interests are directly and adversely affected pecuniarily by an order of the bankruptcy court may bring an appeal." *Id.* (internal quotation marks omitted). "[W]hether a party has standing to appeal in a bankruptcy case is generally an issue of fact for the district court." *Id.* at 531.

While Mr. Haas contends that he is a "person aggrieved" (D.I. 31 at ¶¶ 35-36) and the "President/CEO and sole shareholder" of CLI (D.I. 1), his interests have not been directly affected by the bankruptcy court's order. It was CLI's motion that was

---

be denied as moot.

[2] Gold (D.I. 11 at 1-2) and MNAT (D.I. 15 at 2) rely on arguments made by TBF (D.I. 7 at 3-5) to support their Motions to Dismiss.

denied by that order, *In re EToys*, 331 B.R. at 204, and Mr. Haas's position as director, officer, or shareholder of that corporation does not make his interests equivalent to those of the corporation. As I stated in another appeal brought by Mr. Haas, the corporate entity is a separate juridical person. (D.I. 7, Ex. C, Nov. 14, 2005 Teleconference Transcript at 24.) Therefore, Mr. Haas lacks standing to appeal the order on his own behalf.

Second, Mr. Haas also cannot represent CLI in this matter. As the bankruptcy court noted, "a corporation may appear in the federal courts only through licensed counsel." *In re EToys*, 331 B.R. at 185 (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)). Mr. Haas is not a licensed attorney, and, therefore, he may not represent CLI.

## III.    CONCLUSION

Accordingly, for the reasons set forth herein, it is hereby ORDERED that the Motions to Dismiss (D.I. 6, D.I. 11, D.I. 15) are GRANTED. It is further ORDERED that the Motions to Strike (D.I. 8, D.I. 12, D.I. 18) and the Motions to Stay (D.I. 9, D.I. 10, D.I. 14) are DENIED AS MOOT.

_____
UNITED STATES DISTRICT JUDGE

August 30, 2006
Wilmington, Delaware